UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID BARNES, | ) | CASE NO.: 1:21CV2273 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| | ) | |
| DOUGLAS FENDER, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |
| | ) | |

This matter appears before the Court on objections to the Report and Recommendation ("R&R") of the Magistrate Judge (Docs. 16 and 17[1]) filed by David Barnes. Upon due consideration, the Court overrules the objections and adopts the Report and recommended findings and conclusions of the Magistrate Judge and incorporates them herein. Therefore, it is ordered that the petition is hereby DISMISSED.

Where objections are made to a magistrate judge's R&R this Court must:

> must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

Barnes' objections appear focused on the sole issue presented in his petition. Specifically,

---

[1] Barnes filed two sets of objections. As both filings were timely, the Court will consider the arguments set forth in both.

Barnes takes issue with the R&R's conclusion that the state court did not err when it allowed the testimonial statements of the victim, K.B., to be introduced through officers and body camera footage. Much of Barnes' argument seems to focus on the fact that no one sought a material witness warrant for K.B. In that regard, Barnes suggests that K.B. was not unavailable. Barnes, however, has produced no law to suggest that a material witness warrant must be issued in order to declare a witness unavailable.

The R&R correctly noted that prosecutors left subpoenas at both known addresses for K.B. and received no response from her. In addition, the R&R detailed the jail phone calls in which Barnes made arrangements for K.B. to effectively conceal her location from prosecutors. That information was more than sufficient to demonstrate that Barnes had procured K.B.'s unavailability. With that factual background, the R&R correctly concluded that Barnes could not establish a violation of the Confrontation Clause because *Crawford v. Washington*, 541 U.S. 36, 62 (2004) acknowledged that forfeiture by wrongdoing "extinguishes confrontation claims on essentially equitable grounds[.]"

Nothing in Barnes' objections have demonstrated any error in the conclusion of the R&R. Accordingly, his objections are overruled.

The Court certifies, pursuant to 28 U.S.C. §1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.

This Order is entered pursuant to Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

Date: September 25, 2023         */s/ John R. Adams*
                                 JUDGE JOHN R. ADAMS
                                 UNITED STATES DISTRICT JUDGE